### Gurdip Singh MANN, Petitioner,

v.

### Eric H. HOLDER, Jr., Attorney General, Respondent.

### No. 06–71691.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Sept. 28, 2009.

Jonathan M. Kaufman, Esq., San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, John P. Pearson, Esq., San Francisco, CA, U.S. Department of Justice, Criminal Div./Public Integrity Section, Washington, DC, for Respondent.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Gurdip Singh Mann, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and review de novo due process claims, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination because Mann's testified inconsistently regarding the nature of his political activities, and his testimony was inconsistent with a supporting affidavit regarding his position within his party and the number of times he was arrested. *See Chebchoub*, 257 F.3d at 1042–43 (inconsistencies related to basis for alleged fear of persecution and number of arrests go to heart of claim). In the absence of credible testimony, Mann failed to demonstrate eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Mann's CAT claim is based on the same statements found to be not credible, and he points to no evidence in the record that compels the conclusion it is

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

more likely than not he would be tortured if returned to India, his CAT claim fails. *See id.* at 1156–57.

We reject Mann's contention that the IJ denied him due process by permitting the use of the asylum officer's notes for impeachment purposes because it did not make the hearing "so fundamentally unfair that [Mann] was prevented from reasonably presenting his case." *Colmenar,* 210 F.3d at 971. We also reject Mann's due process contention based on allegations of a missing hearing transcript fails because he has not demonstrated prejudice. *See id.* (requiring prejudice to prevail on a due process challenge). Mann's contention that the BIA failed to address his second motion to terminate is not supported by the record.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.